```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
VIRGIL RIVERS,                                                    MEMORANDUM AND ORDER
                                                                  08-cv-3747 (FB)
                    Petitioner,

        -against-

UNITED STATES OF AMERICA,


                    Respondent.
-------------------------------------------------------------x
```

*Appearances:*
*For the Petitioner:*
VIRGIL RIVERS, *pro se*
#81378-158
FCI Fort Dix West- Unit 5812
P.O. Box 2000
Fort Dix, NJ 08640

*For the Respondent:*
LORETTA LYNCH, ESQ.
United States Attorney
Eastern District of New York
BY: JO ANN M. NAVICKAS
Assistant United States Attorney
225 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Virgil Rivers ("Rivers") moves pursuant to Rule 60(b)(6) for relief from this Court's prior judgment denying his petition for a writ of *habeas corpus* under 28 U.S.C. § 2255. Rivers argues that his case should be reopened because this Court's decision failed to address the merits of his § 2255 claim relating to ineffective assistance of counsel. For the reasons stated below, Rivers' motion is denied.

Rule 60(b)(6) is a catchall provision that permits courts to "vacate judgments whenever such action is appropriate to accomplish justice." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (citation omitted); *see also* Fed. R. Civ. P. 60(b)(6).

Such relief must be sought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and should only be granted in "extraordinary circumstances." *Liljeberg*, 486 U.S. at 864; *see also Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) ("final judgments should not be lightly reopened.") (citation and internal quotations omitted).

Rivers' motion fails to satisfy either of these two requirements. Initially, the motion is untimely because Rivers waited more than two and a half years after the Court's decision before seeking relief. *See Truskoski v. ESPN*, 60 F.3d 74, 77 (2d Cir. 1995) (finding petitioner did not seek Rule 60(b)(6) relief within "a reasonable time" where the motion was made 18 months after entry of judgment).

In any event, Rivers' case is not "extraordinary." Rivers contends that the Court's decision should be reopened because it did not discuss whether there was ineffective assistance of counsel because his attorney failed to argue that Rivers' conviction for unlawful use of a firearm could not stand once the felon-in-possession conviction was dismissed. The Court's prior decision held that dismissal of the felon-in-possession charge did not mandate dismissal of the armed bank robbery charge because Rivers could be held liable for use of a firearm during the robbery under either an aiding and abetting theory or a *Pinkerton* theory.[1]

The same reasoning and outcome also apply to Rivers' conviction for unlawful use of a firearm under 18 U.S.C. § 924(c). A review of Rivers' trial transcript makes clear that the jury was instructed they could convict him of unlawful use of a firearm under either an

---

[1] *Pinkerton* provides that substantive crimes committed to advance a conspiracy may be charged to a defendant despite a lack of evidence of that defendant's direct participation. *Pinkerton v. United States*, 328 U.S. 640, 646-47 (1946).

aiding and abetting theory or a *Pinkerton* theory. Thus, a lack of evidence that Rivers was personally in possession of a gun did not necessarily preclude a finding of guilt on the unlawful use of a firearm charge. Since Rivers' argument is without merit, he cannot demonstrate either deficient performance by counsel or prejudice - as required by *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (requiring both elements for a finding of ineffective assistance of counsel).

Rivers' motion is denied. As he has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 14, 2012